IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE MARSHALL BENNETT, #16014805 | § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL CASE NO. 3:18-CV-3051-L-BK |
| LURLENE WALLS, ET AL., | § § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was automatically referred to the United States Magistrate Judge for judicial screening. On October 16, 2018, Plaintiff, a pretrial detainee at the Dallas County Jail, filed a *Motion for Preliminary Injunction and Protective Order* against the Dallas County Sheriff's Department, doctors and nurses at the Dallas County Jail, and a nurse at Parkland Hospital. Doc. 7; Doc. 3. Bennett's complaint stems from the alleged denial of medical and dental treatment, as well as the failure to provide him an adequate high protein diet. Doc. 3 at 4-7. After construing the motion as one for a temporary restraining order, the undersigned Magistrate Judge recommended that the motion be denied. Doc. 9. That recommendation is currently pending before the District Judge. On December 13, 2018, Bennett filed the instant *Motion for Temporary Restraining Order* complaining of the denial of dental care for two severely painful cavities, one broken crown, and an ensuing infection. Doc. 12 at 1-2.

With his *Motion,* Bennett includes a sworn declaration. Doc. 12 at 2-4. He avers that on November 23, 2018, and again on December 4, 2018, Dr. Moss informed him that filling the

cavities would require a root canal and/or the replacement of the crown, which the Dallas County Jail and/or Parkland Dental Clinic will not pay for because too expensive. Doc. 12 at 2-4. On December 4, after taking an x-ray, Dr. Moss also prescribed antibiotics for an infection but no pain medication. *Id.* While Bennet has steadfastly refused Dr. Moss's offers to extract the affected teeth, he now requests a temporary restraining order "so he may receive proper dental care & medication for pain." Doc. 12 at 4.

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Additionally, the Court may grant a temporary restraining order only when the movant establishes *each* of the following elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted).

Here, Bennett has failed to provide specific facts in his declaration that clearly show that immediate and irreparable injury, loss, or damage will result. Indeed, it does not appear from his pleadings that any treatment is being forced upon him, only that he disagrees with the treatment plan offered to him. Nor has Bennett certified in writing any efforts made to give notice to Defendants and the reasons why notice should not be required before a temporary restraining

order is issued. Lastly, Bennett's motion fails to address any of the factors outlined in *Janvey*, much less establish that they weigh in favor of issuing a temporary restraining order. While he avers he is suffering because of the cavities and/or the broken crown, he omits any discussion of the remaining elements, namely, his likelihood of success on the merits, whether the threatened injury outweighs any harm that will result if the injunction is granted, and whether an injunction will serve the public interest. *Janvey*, 647 F.3d at 595.

Thus, having failed to comply with the legal requirements of Rule 65(b)(1), Plaintiff's *Motion for Temporary Restraining Order* should be **DENIED**.

**SO RECOMMENDED**, December 14, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).